**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

TZVI DOV ROTHFELD,                    )
                                      )
         Plaintiff,                   )
                                      )
    v.                                )      Civil Action No.  1:25-cv-04066 (UNA)
                                      )
EDEN BIEN BACHAR,                     )
                                      )
         Defendant.                   )

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of the Complaint ("Compl."), ECF No. 1, and Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, it denies Plaintiff's IFP Application, and it dismisses this matter without prejudice.

At the outset, the Court notes that Plaintiff's IFP Application is unsigned, in contravention of Federal Rule 11 and 28 U.S.C. § 1915(a)(1); therefore, it is denied. The Complaint, which is also unsigned, fares no better, procedurally or substantively. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and Plaintiff's Complaint falls squarely into this category.

Plaintiff, a U.S. citizen currently residing in Israel, sues an individual, Eden Bien Bachar, who also resides in Israel. *See* Compl. at 1. Plaintiff alleges that on April 4, 2023, he "sent the Defendant a message: 'What is your request and what is your question? Up to half the kingdom shall be granted to you," and that because "of this message, which was sent from the city of London, a cause of action arose[.]" *Id*. at 1. Plaintiff construed this exchange, among other similar

exchanges, as a "threat to his life and unlawful harm to his body," causing him "fear of walking in public," and inability to sleep restfully. *See id.* at 1–2. He demands $70 million in damages. *See id*. at 2.

As here, the Court cannot exercise subject matter jurisdiction over Plaintiff's Complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Indeed, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:   March 9, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge